UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00355-FDW

| TERRANCE L. JAMES-BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| STATE OF NORTH CAROLINA, et al., | ) |  |
|  | ) |  |
| Respondents. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court upon Petitioner Terrence James-Bey's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), Motion to Proceed In Forma Pauperis (Doc. No. 3) and Motion for Temporary Injunction (Doc. No. 6).

Petitioner is a prisoner of the State of North Carolina serving a life sentence for first-degree murder. On June 3, 2011, Petitioner filed a § 2254 Petition claiming that the State of North Carolina cannot lawfully exert jurisdiction over him because he is a "Moorish-American national with permanent character." Habeas Pet. 3, James-Bey v. State of North Carolina, et al., No. 1:11-cv-00136-RJC (W.D.N.C.), Doc. No. 1. The Court dismissed the Petition because it was meritless. Order Dismiss. Habeas Pet., id. at Doc. No. 9.

On June 24, 2013, Petitioner filed a § 2254 Petition raising an Eighth Amendment claim. Habeas Pet., James-Bey v. Stancil, No. 3:13-cv-00386-FDW (W.D.N.C.), Doc. No. 1. That Petition has been stayed since July 13, 2013, while Petitioner exhausts his Eighth Amendment claim in the state courts.[1] Order Granting Stay, id. at Doc. No. 5.

---

[1] The Fourth Circuit Court of Appeals granted Petitioner authorization to file a successive petition to raise a claim

1

Petitioner is represented by North Carolina Prisoner Legal Services, Inc. in case No. 3:13-cv-00386-FDW. Nevertheless, he persists in filing frivolous pro se motions in that case, see id. at Doc. Nos. 6-8, 12, 18-19, 24, and pro se petitions for writ of habeas corpus challenging his life sentence, see James-Bey v. Stancil, No. 1:13-cv-00183-FDW (W.D.N.C. dismissed July 15, 2013), Doc. Nos. 3-4, all of which have been dismissed because he is represented by counsel in 3:13-cv-00386-FDW. In all his pro se filings, Petitioner raises the same grounds for relief dismissed by the Court as meritless in case No. 1:11-cv-00136-RJC.

Ever persistent, Petitioner has filed the instant pro se § 2254 Petition raising the same ground for relief dismissed as meritless in case No. 1:11-cv-00136-RJC, and notwithstanding that case No. 3:13-cv-00386-FDW remains pending. The Court has explained to Petitioner multiple times that the Constitution does not confer a right to proceed simultaneously by counsel and pro se, James-Bey, No. 3:13-cv-00386-FDW at Doc. Nos. 9, 16, 20, 25. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation); see also, United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (holding that where defendant is represented by counsel on appeal and his appeal is not submitted pursuant to Anders v. California, 386 U.S. 738 (1967), defendant may not submit pro se briefing). Absent credible evidence that Petitioner is no longer represented by counsel, the Court is not obligated to consider his pro se filings. See Wiggins, 465 U.S. at 183.

On the other hand, Petitioner has demonstrated an inability to comprehend, or refusal to accept, the Court's previous Orders. He clearly is wedded to the idea that because he is a self-proclaimed "Moorish American," the State of North Carolina had no jurisdiction to prosecute

---

under Miller v. Alabama, 132 S. Ct. 2455 (2012).

him for murder and has no legal authority to hold him in custody based upon the judgment imposed for his first-degree murder conviction. Similar such claims have been rejected by every federal court to consider them. See e.g. Kului Bey v. State of Missouri, et al., No. 4:18-cv-1515-JCH, 2018 WL 5831251, at *1 (E.D. Mo. Nov. 7, 2018) ("Plaintiff's purported status as a Moorish National does not make him immune from Missouri law. The United States does not recognize the Moorish Nation as a sovereign state." (citing Benton-El v. Odom, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007), Khattab El v. United States Justice Dept., 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988))); Brown-Bey v. Hooks, No. 3:18-CV-460-FDW, 2018 WL 4620617, at *1 (W.D.N.C. Sept. 26, 2018) (unpublished) ("The path of the Moorish National Movement is well-trodden. Over and over again, courts have rejected arguments such as Plaintiff's by individuals who claim to be a part of this movement." (citing Hampton v. City of Durham, No. 1:10cv706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (unpublished) (collecting cases))); United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013); United States v. Benabe, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen).

Because Petitioner's jurisdiction claim is patently frivolous and meritless, the Court sees no harm in allowing him to amend his § 2254 Petition in case No. 3:13-cv-00386-FDW to add it, if it will mean a cessation to Petitioner's pro se filings related to his "Moorish American" identity. If, however, Petitioner continues to file such pro se motions and/or habeas petitions, the Court will consider subjecting any future pro se submissions to pre-filing review. The Court makes no findings with respect to any procedural requirements associated with amending the

3

habeas Petition in case No. 3:13-cv-00386-FDW to add a new claim.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court is directed to transfer the Petition for Writ of Habeas Corpus (Doc. No. 1) to civil case No. 3:13-cv-00386-FDW and to docket it as a "pro se amendment" to the petition for writ of habeas corpus filed in that action;

2. The Clerk of Court is directed to transfer the Pro Se Averment of Terrance L. James-Bey (Doc. 4 with attachments), and Notice of Averment of Jurisdiction (Doc. No. 7) to civil case No. 3:13-cv-00386-FDW;

3. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 3) is **GRANTED**;

4. Petitioner's Motion for Temporary Injunction (Doc. No. 6) is **DISMISSED without prejudice** as it is completely unrelated to Petitioner's habeas action; and

5. The Clerk of Court is respectfully requested to terminate this action.

Signed: November 9, 2018

Frank D. Whitney
Chief United States District Judge